

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

12-6-2007

# Beale v. IRS

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1545

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Beale v. IRS" (2007). *2007 Decisions.* Paper 128.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/128

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 07-1545
_____

CLIFTON BEALE,

<u>Appellant</u>

v.

INTERNAL REVENUE SERVICE; C. SHERWOOD, ACS & other positions;
KATHLEEN SETTIMI, Revenue Officer

_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil Action No. 06-cv-04804)
District Judge:  Honorable Jerome B. Simandle

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
December 3, 2007

Before: SLOVITER, BARRY and WEIS, <u>Circuit</u> <u>Judges</u>

Opinion Filed: December 6, 2007
_____

OPINION
_____

PER CURIAM

Clifton Beale appeals from the district court's order of January 3, 2007, denying

his motion for remand and granting appellees' motion to dismiss pursuant to Federal Rule

of Civil Procedure 12(b)(1).  We will affirm for substantially the same reasons set forth in

the district court's opinion.

## I.

On September 8, 2006, Beale filed a complaint against appellees in the Superior Court of New Jersey seeking nullification of federal tax liens issued with respect to his 1998, 1999, and 2000 federal income taxes.  In the complaint, Beale alleged that appellees violated federal and state laws and IRS regulations in the process of issuing the tax liens.  As a remedy, Beale sought injunctive relief.  In October 2006, appellees filed a notice of removal with the district court under 28 U.S.C. § 1442.  In response, Beale filed a motion to remand the case back to state court.  Appellees then filed a motion to dismiss for lack of subject matter jurisdiction.  See Fed. R. Civ. P. 12(b)(1).  On January 30, 2007, the district court issued an opinion and order denying Beale's motion to remand and granting appellees' motion to dismiss.  The court first determined that removal to federal court was appropriate because federal law governs questions bearing on the operation and enforcement of federal tax liens.  The court then dismissed Beale's complaint for lack of subject-matter jurisdiction.  Beale filed a timely motion for reconsideration which the court denied on February 15, 2007.

## II.

We have jurisdiction pursuant to 28 U.S.C. § 1291.  Where the district court dismisses for lack of subject-matter jurisdiction, the standard of review is plenary . See Gould Elecs. Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000).

## III.

Beale's assertion that the district court was required to remand this case to state court is plainly without merit as the case was properly removed to federal court under the applicable statute. See 28 U.S.C. § 1442(a)(1). Further, under the Anti-Injunction Act, 26 U.S.C. § 7421(a), the district court lacked subject matter jurisdiction to entertain Beale's challenge to the federal tax liens at issue.

The Anti-Injunction Act, states that, with limited exceptions, "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person, whether or not such person is the person against whom such tax was assessed." The purpose of the Act is to permit the Government to assess and collect taxes it determines to be owed without judicial intervention. See Enochs v. Williams Packing & Navigation Co., 370 U.S. 1, 7 (1962). The Act deprives federal courts of jurisdiction to entertain an action to enjoin the IRS from assessing or collecting taxes.

The Act does not apply if it is clear that under no circumstances could the Government ultimately prevail in its claim of tax liability. Id. This exception does not apply to Beale's case. The Act also does not apply to actions brought by parties for whom the Act provides no alternative remedy. See South Carolina v. Regan, 465 U.S. 367, 378 (1984). Beale, however, does have an available remedy which is to file an action for a refund of the disputed sums. This request for a refund must be made in the first instance to the IRS. Thus, the district court properly determined that it lacked subject-matter jurisdiction over the claim.

Finally, we have reviewed Beale's motion for reconsideration and conclude that

3

the district court did not abuse its discretion in denying the motion.  <u>See</u> <u>Max's Seafood</u>

<u>Café v. Quinteros</u>, 176 F.3d 669, 677 (3d Cir. 1999).